**IDAHO RIVERS UNITED, Plaintiff,**

v.

**Jeff FOSS, Director, Snake River Office; and U.S. Fish and Wildlife Service, an agency of the United States, Defendants.**

No. CIV.04–0473–S–BLW.

United States District Court, D. Idaho.

Feb. 4, 2005.

Laurence J. Lucas, Land & Water Fund of the Rockies, Sara Denniston Eddie, Advocates for the West, Boise, ID, for Plaintiff.

Alan G. Burrow, US Attorney's Office, Boise, ID, Bridget Kennedy McNeil, US Dept. of Justice, Washington, DC, for Defendants.

## MEMORANDUM DECISION and ORDER

WINMILL, Chief Judge.

### INTRODUCTION

The Court has before it a motion to dismiss filed by defendants Jeff Foss, the Director of the Snake River Office of the United States Fish and Wildlife Service (FWS) and the FWS (hereinafter referred to collectively as the FWS). The Court heard oral argument on January 26, 2005, and the motion is now at issue. For the reasons expressed below, the Court will grant the motion.

### FACTUAL BACKGROUND

Plaintiff Idaho Rivers United (IRU) challenges a May 2004 Biological Opinion (2004 BO) issued by the FWS. The 2004 BO assesses the likely impacts of five hydropower projects on five species of snails listed as either endangered or threatened under the Endangered Species Act (ESA).

The FWS listed the snails in 1992, and adopted a recovery plan in 1995 for their restoration in the mid-Snake River area. The FWS concluded that the snails were being adversely affected by, among other things, hydropower projects on that stretch of the river. Five of those projects were owned and operated by Idaho Power under licenses issued by the Federal Energy Regulatory Commission (FERC).[1]

In 2002, during the re-licensing of these projects, FERC determined that the projects may adversely affect the listed snails and so initiated a formal consultation under the ESA with the FWS. In October of 2002, the FWS issued a draft Biological Opinion concluding that the continued operation of the projects would cause "jeopardy" to the snails.

The FWS and Idaho Power entered into negotiations, and eventually reached a "Settlement Agreement." On February 12, 2004, Idaho Power amended its re-license application to FERC to include the Settlement Agreement. In May of 2004, the FWS issued the 2004 BO, based on the Settlement Agreement, reversing course from the earlier draft and finding that the

1. FERC is an independent agency within the Department of Energy, which has jurisdiction over non-federal hydropower development under the Federal Power Act (FPA), 16 U.S.C. §§ 791(a)–828(c).

operation of the projects would not cause jeopardy to the snails.

IRU intervened in FERC's re-licensing hearings, and objected to the re-licensing. FERC re-licensed all five projects on August 4, 2004. Provisions of the Settlement Agreement are incorporated into some of those licenses.

IRU filed a motion for re-hearing with FERC alleging, among other things, that the 2004 BO failed to satisfy ESA requirements. That motion remains pending before FERC.

IRU filed this suit against the FWS, and the Director of the FWS's Snake River Office, Jeff Foss, alleging that the 2004 BO violates the ESA. The FWS seeks to dismiss the suit on the ground that this Court lacks subject matter jurisdiction over the dispute.

## ANALYSIS

■ IRU brings this suit under the Administrative Procedures Act (APA) to review the FWS's decision to issue the 2004 BO. The APA provides for judicial review from final agency decisions, 5 U.S.C. § 704, so long as no other statute precludes review. *Id.* at § 701(a)(1).

■ Generally, an agency's issuance of a biological opinion pursuant to the ESA is a final decision subject to judicial review. *Bennett v. Spear,* 520 U.S. 154, 174, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). The FWS argues, however, that another statute—the Federal Power Act (FPA)—precludes review in this case. The FPA applies because, according to the FWS, the real intent of IRU's suit is to challenge FERC's adoption of the 2004 BO, a challenge that can only be brought before FERC according to the FPA.

In making this argument, the FWS relies on a provision of the FPA, 16 U.S.C. § 8251(b), that states as follows:

Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the United States Court of Appeals .... Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part.

In interpreting this language, the Ninth Circuit has held that "the Act provides exclusive jurisdiction for the Courts of Appeals to review and make substantive modifications to FERC licensing orders." *California Save Our Streams Council Inc., v. Yeutter,* 887 F.2d 908, 911 (9th Cir.1989) (hereinafter referred to as *SOS* ). The purpose of by-passing the district court is "to avoid the redundancy of compiling separate records before the agency and the trial court." *Id.*

In *SOS,* a company called AER filed an application with FERC to construct and operate a hydropower project in the Sierra National Forest. Section 4(e) of the FPA requires FERC to solicit and accept conditions promulgated by the agency responsible for the land where the project would be built—in this case, the Forest Service. The Forest Service issued a § 4(e) letter to FERC stating that the agency had no objection to the project so long as certain conditions were imposed on the license. Two days after receiving that letter, FERC issued the license to AER, incorporating into the license the § 4(e) conditions specified by the Forest Service. *Id.* at 910.

Plaintiff SOS responded by filing suit in federal district court, originally naming the Forest Service and AER as defendants, and then later adding FERC as an additional defendant. *Id.* SOS's complaint claimed that the Forest Service violated

NEPA, and other statutes, in issuing its § 4(e) letter.

The district court dismissed the case on the ground that SOS was really challenging the FERC license and thus had to pursue its remedies before FERC and the Ninth Circuit under the FPA's exclusive jurisdiction provision. On appeal, the Circuit agreed. The Circuit rejected SOS's argument that it was only challenging the Forest Service's § 4(e) conditions under NEPA, observing that SOS objected "to the proposed conditions only because they are included in the FERC license." *Id.* at 912. Expanding on that observation, the Circuit declared that "even if [SOS] attempt[s] to style this as an independent claim against the Forest Service, the practical effect of the action in district court is an assault on an important ingredient of the FERC license." *Id.* "In essence," the Circuit concluded, "[SOS] seek[s] through careful pleading to avoid the strict jurisdictional limits imposed by Congress," *id.* at 911, and was really seeking to "restrain the licensing procedures authorized by FERC." *Id.*

The Circuit also rejected SOS's claim that a dismissal would deny them a forum for challenging the § 4(e) conditions:

[The] parties may challenge the legality of the § 4(e) conditions—including their conformity to NEPA [and other statutes]—in the circuit courts. Since the administrative record compiled in the FERC proceeding does include documentation collected during the Forest Service's hearings, there is a firm foundation for an appellate court to analyze the statutory claims.

The present case is essentially indistinguishable from *SOS*. In both cases, the plaintiffs challenged agency decisions that were incorporated into FERC licenses, and in both cases, the plaintiffs challenged those decisions because of that incorporation. Ultimately, IRU is seeking, just as SOS was seeking, to "restrain the licensing procedures authorized by FERC." *Id.*[2] Thus, *SOS* dictates that this action be dismissed for lack of subject matter jurisdiction. *See also, Southwest Ctr. For Biological Diversity v. FERC,* 967 F.Supp. 1166 (D.Ariz.1997) (relying on *SOS* in holding that FPA warranted dismissal of ESA claims against Forest Service).[3] The Court will enter a separate Judgment as required by Rule 58.

## JUDGMENT

In accordance with the Memorandum Decision filed with this Judgment,

**2.** One difference between the cases is that SOS joined FERC as a defendant while IRU has not sued FERC. However, that difference means little because the Circuit in *SOS* did not base its decision on that joinder.

**3.** The implications of this ruling are troubling. Congress has charged FERC to "give equal consideration" to energy, fish, recreational, and other interests. *See* 16 U.S.C. § 797(e). This charge seems in direct conflict with the command of the ESA to give priority to listed species. *Tennessee Valley Authority v. Hill,* 437 U.S. 153, 176–82, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978). Presumably, FERC could reconcile those conflicting directions, but it would appear that the agency has little expertise in ESA issues. Moreover, it is un-

clear what record is developed at FERC. It may be that in certain cases, challenging parties get their first real shot at the circuit court. While these challenges are generally limited to the administrative record, there are many instances where material outside the record, including live testimony, may be necessary. *Lands Council v. Powell,* 379 F.3d 738, 747 (9th Cir.2004). Perhaps in those instances a circuit court could remand the case to FERC for the taking of testimony. However, the delay associated with such a remand would be at cross-purposes with the often crucial need for speedy resolution of ESA cases. Despite these concerns, the law in this case is clear that under *SOS*, this Court lacks subject matter jurisdiction over this action.

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 4) is GRANTED, and this case is dismissed in its entirety.