# United States Court of Appeals
## For the First Circuit

No. 16-2155

MAINE COUNCIL OF THE ATLANTIC SALMON FEDERATION; NATURAL
RESOURCES COUNCIL OF MAINE; KENNEBEC VALLEY CHAPTER OF TROUT
UNLIMITED; and MAINE RIVERS,

Plaintiffs, Appellants,

v.

NATIONAL MARINE FISHERIES SERVICE (NOAA FISHERIES); BROOKFIELD
RENEWABLE SERVICES MAINE, LLC; BROOKFIELD POWER U.S. ASSET
MANAGEMENT, LLC; BROOKFIELD WHITE PINE HYDRO, LLC; MERIMIL
LIMITED PARTNERSHIP; and HYDRO-KENNEBEC, LLC,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Kayatta, Circuit Judge,
Souter, Associate Justice,*
and Stahl, Circuit Judge.

Russell B. Pierce, Jr., with whom Norman, Hanson & DeTroy,
LLC, and Charles Owen Verrill, Jr., were on brief, for
appellants.
Kevin W. McArdle, Attorney, U.S. Dep't of Justice, Env't &
Natural Resources Div., with whom Ellen J. Durkee and Robert P.
Williams, Attorneys, U.S. Dep't of Justice, Env't & Natural

---

* Hon. David H. Souter, Associate Justice (Ret.) of the Supreme
Court of the United States, sitting by designation.

Resources Div.; John C. Cruden, Assistant Attorney General; and John P. Almeida, Attorney Advisor, U.S. Department of Commerce, National Oceanic and Atmospheric Administration, were on brief, for appellee National Marine Fisheries Service.

Matthew W. Morrison, with whom Pillsbury Winthrop Shaw Pittman LLP was on brief, for appellees Brookfield Renewable Services Maine, LLC; Brookfield Power U.S. Asset Management, LLC; Brookfield White Pine Hydro, LLC; Merimil Limited Partnership; and Hydro-Kennebec LLC.

---

June 7, 2017

---

**SOUTER, Associate Justice.** This appeal is from the district court's dismissal for lack of jurisdiction of an action brought by the Plaintiff-Appellants under the Administrative Procedure Act (APA). They sought review of two biological opinions issued to the Federal Energy Regulatory Commission (FERC) by the National Marine Fisheries Service[1] evaluating requested modifications of licenses to operate hydropower dams. We affirm.

## I.

Defendant-Appellees power companies (Brookfield Renewable Services Maine, LLC; Brookfield Power U.S. Asset Management, LLC; Brookfield White Pine Hydro, LLC; Merimil Limited Partnership; and Hydro-Kennebec, LLC) sought to modify the terms of existing licenses to operate four hydropower dams on the Kennebec River in Maine, which are subject to licensing by FERC, acting under the Federal Power Act, 16 U.S.C. § 791a et seq. Because the river is a traditional waterway for spawning Atlantic salmon, a protected species under the terms of the Endangered Species Act, FERC was required to obtain biological opinions (called BiOps) from the Fisheries Service, on whether operating the dams under the proposed license modifications would jeopardize survival of the salmon species or degrade its

---

[1] The National Marine Fisheries Service has been renamed NOAA Fisheries. We follow the parties' lead and use the former title, which applied when the biological opinions were issued.

environment.  See 16 U.S.C. § 1536(a)(2), (b)(3); 50 C.F.R. § 402.14(a), (g), (h).  The Fisheries Service found no jeopardy to the species from the proposed modifications and no threat of degradation.  It did, however, find that the changes proposed would result in the incidental "taking" of individual fish among the protected population.  See 16 U.S.C. § 1538(a)(1)(B) (prohibiting the "take" of an endangered species); id. § 1532(19) (defining "take" to include "harm" and "kill").  Consequently, it issued an "incidental take statement," setting forth measures to minimize the take and providing a safe harbor for those (including FERC and its employees) who act in accord with such measures and whose actions might otherwise violate the Endangered Species Act.  See id. § 1536(b)(4), (o)(2); 50 C.F.R. § 402.14(i).

The BiOps, with their incidental take statements, drew immediate objection from the Plaintiff-Appellants environmental organizations participating in the licensing proceedings (Maine Council of the Atlantic Salmon Federation, Natural Resources Council of Maine, Kennebec Valley Chapter of Trout Unlimited, and Maine Rivers).  They challenged the statements in this district court action against the Fisheries Service and the power companies, brought under the provisions of Section 10 of the APA, 5 U.S.C. §§ 701-706, claiming that the BiOps were arbitrary and capricious agency actions, id. § 706(2)(A), which

- 4 -

violated Section 7 of the Endangered Species Act, 16 U.S.C. § 1536. While the case was pending, FERC granted the license modifications by orders adopting the terms of the BiOps. The district court then dismissed the case for lack of subject matter jurisdiction, relying on section 313(b) of the Federal Power Act, 16 U.S.C. § 825*l*(b), which vests jurisdiction of appeals from such FERC orders in the courts of appeals.[2] This appeal followed, as did the Appellants' filing for review of the FERC orders in the United States Court of Appeals for the District of Columbia.

We agree with the district court that time and events have eliminated whatever claims of district court jurisdiction to review the BiOps the Appellants might have raised, whether sound or not, when this action was filed. So far as the appeal

_____

[2] Section 825*l*(b) provides, in relevant part:

> Any party to a proceeding under this chapter aggrieved by an order issued by [FERC] in such proceeding may obtain a review of such order in the United States Court of Appeals for any circuit wherein the licensee or public utility to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of [FERC] upon the application for rehearing, a written petition praying that the order of [FERC] be modified or set aside in whole or in part. . . . Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part.

concerns the BiOp with respect to the Hydro-Kennebec dam affecting Waterville, Winslow, and Benton, Maine, the action is moot by virtue of the terms of the BiOp itself, which expired on December 31, 2016.  As for the BiOp addressing the other three dams, FERC's decision to modify the licenses by terms that incorporated that BiOp changed the relevant facts as alleged when the district court action was filed.

Once issued, the FERC order was unquestionably subject to the Federal Power Act's provision for direct appellate jurisdiction of the courts of appeals, 16 U.S.C. § 825*l*(b).  The Supreme Court has made it clear that the jurisdiction provided by § 825*l*(b) is "exclusive," not only to review the terms of the specific FERC order, but over any issue "inhering in the controversy."  City of Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336 (1958).  Thus, the United States Court of Appeals for the District of Columbia, where the Appellants have filed their petition for review of FERC's orders, has exclusive jurisdiction over the attacks on the BiOps, on two separate and independently sufficient grounds: as it was free to do, FERC incorporated the BiOps in its own orders, and the BiOps were by any measure "inher[ent]" in the statutory process for consideration of the license modifications.  The Appellants accordingly have nowhere else to go but to the courts of appeals, where they are afforded

- 6 -

the opportunity to litigate just what they claimed in their attempt to proceed in the district court.

The Appellants try to avoid this conclusion by pressing two arguments, neither of which avails them. They say, first, that the scope of appeal under § 825*l*(b) is narrower than the review that would be afforded on a district court action under the APA: that the reach of the court of appeals goes only as far as considering whether FERC was arbitrary or capricious in accepting the BiOps as recommended by the Fisheries Service, whereas in review under the APA the district court could examine the BiOps directly for arbitrariness or capriciousness on the part of the Fisheries Service in issuing them. The former, they say, is not an "adequate" counterpart of the latter. See 5 U.S.C. § 703 (providing that "[t]he form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute," so long as that specified review proceeding is not "inadequa[te]"); id. § 704 (authorizing judicial review of final agency action under the APA where there is "no other adequate remedy in a court").

The argument for inadequacy fails. Not only have the Appellants found no case with reasoning that supports them, but the cases that have considered the scope of review in a court of appeals under the special Power Act provision have come down

against the Appellants' argument, seeing no good reason to read "limited" into the Supreme Court's understanding of "exclusive" jurisdiction.  See City of Tacoma v. FERC, 460 F.3d 53, 76 (D.C. Cir. 2006); Cal. Save Our Streams Council, Inc. v. Yeutter, 887 F.2d 908, 911-12 (9th Cir. 1989); City of Tacoma v. Nat'l Marine Fisheries Serv., 383 F. Supp. 2d 89, 92-93 (D.D.C. 2005); Idaho Rivers United v. Foss, 373 F. Supp. 2d 1158, 1161 (D. Idaho 2005).  The first of these cases is, of course, from the court in which the Appellants have filed their appeal of the FERC orders.  In any event, their argument is simply precluded here by the Fisheries Service's agreement that the scope of any court of appeals review of the BiOps will be what the APA would provide in a district court if the Fisheries Service's BiOps could be challenged directly there.  That agreement was unequivocally confirmed in open court by the Fisheries Service's counsel in arguing this case.[3]

---

[3] At argument, counsel for the Fisheries Service stated that "[s]ince the biological opinion was adopted into the FERC order, it's an inherent part of that order, so in exercising its jurisdiction over . . . plaintiffs' petition in this case, the D.C. Circuit can review not only FERC's reliance on the biological opinion, but the substantive validity of the biological opinion itself."  Oral Argument 20:15-21:00. Although the Fisheries Service made clear that its concession came with the "caveat" that the Fisheries Service might not be granted intervenor status in the case pending before the United States Court of Appeals for the District of Columbia, that condition is no longer of concern, since the request to intervene has been granted.  See Order, Maine Council of the Atlantic Salmon Fed. v. FERC, No. 17-1003 (D.C. Cir. Mar. 3,

The Appellants' second argument for preserving an opportunity to challenge the BiOps directly in the district court goes to timing. To be adequate, an appeal must not only cover relevant substantive ground, but be available in a timely fashion, which the Appellants deny that court of appeals review provides: here, they say, APA review in the district court was readily invoked, whereas access to the court of appeals had to wait for the necessary action by FERC, amounting to 164 days from the date of the BiOp in the case of the Hydro-Kennebec dam, and 1035 days with respect to the BiOp for the three other dams. During those time periods, the Appellants contend, the incidental take statements could have allowed harm to occur. But we need not decide whether a sufficiently long, ongoing delay could render the review provided by § 825*l*(b) inadequate. In the present case, FERC has acted and a petition for review is pending in the United States Court of Appeals for the District of Columbia. Not only is review in that court adequate in these circumstances, it is probably the Appellants' quickest route to resolving their challenge to the BiOps.

Finally, Appellants contend that their position finds support in Dow AgroSciences LLC v. Nat'l Marine Fisheries Serv.,

_____

2017) (order granting the Fisheries Service's motion to intervene); Motion of the Department of Commerce for Leave to Intervene, Maine Council of the Atlantic Salmon Fed. v. FERC, No. 17-1003 (D.C. Cir. Feb. 2, 2017) (the Fisheries Service's unopposed motion to intervene).

- 9 -

637 F.3d 259 (4th Cir. 2011). In Dow, the Fourth Circuit held that a BiOp issued by the Fisheries Service to the Environmental Protection Agency was reviewable in district court under the APA. Id. at 261. "[D]eferring judicial review of the [BiOp] until the EPA acts," the court said, "would not provide the [plaintiffs] adequate review of the [BiOp]." Id. But this case is not the same, for FERC, unlike the EPA in Dow, has acted on the BiOps in question, and a petition for review of that action is pending in the United States Court of Appeals for the District of Columbia.[4]

## II.

The judgment of the district court dismissing this action for lack of jurisdiction is **affirmed**.

---

[4] The Supreme Court's decision in U.S. Army Corps of Engineers v. Hawkes Co., 136 S.Ct. 1807 (2016), is also inapposite. In that case, there was no reasonable alternative procedure by which the aggrieved party could seek review of the agency action in question. If an aggrieved party did not wish to obtain judicial review by risking civil and criminal penalties for defying the agency's determination, the proposed alternative, which had not been invoked, could be "arduous, expensive, and long." Id. at 1815.